IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL CASSANOVA DYSON,

    Petitioner,

v.                                      Civil Action No. 5:16CV117
                                        (Criminal Action No. 5:09CR21-06)
UNITED STATES OF AMERICA,                (STAMP)

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
DENYING AND DISMISSING PLAINTIFF'S PETITION</u>**

I.  <u>Background</u>

The <u>pro se</u>[1] petitioner, a federal inmate at FPC Duluth, filed a motion under 28 U.S.C. § 2255. The petitioner is serving a sentence for one count of conspiring to distribute fifty or more grams of cocaine base and for aiding and abetting in the distribution of cocaine base within 1,000 feet of a protected location. ECF No. 695[2] at 2. Between his original conviction and bringing this action, the petitioner has filed an appeal based on ineffective assistance of counsel, a § 2255 motion arguing ineffective assistance of counsel, a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), a motion for relief from

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014).

[2] All ECF numbers refer to Criminal Action No. 5:09CR21-06 unless otherwise noted.

judgment under Federal Rule of Civil Procedure 60(b), a second motion to reduce sentence under 18 U.S.C. § 3582(c)(2), two successive motions under 28 U.S.C. § 2244, and finally a second motion under § 2255, the instant motion. ECF No. 695 at 3-5. Since filing the instant motion, the petitioner has filed two § 2244 motions with the United States Court of Appeals for the Fourth Circuit. ECF No. 695 at 6-7.

In his petition, the petitioner appears to argue that his sentence should be reduced because he contends he should have received a minor role reduction. ECF No. 667 at 5-6. Although the petitioner cites Amendment 782 of the United States Sentencing Guidelines, as the respondent notes, from the context it seems clear the petitioner is referring to Amendment 794. ECF No. 670 at 2. The petitioner argues that a minor role reduction should have been applied because he claims that his role in the crime was minimal and that he did not know any of the other defendants who testified against him. ECF No. 667 at 6. In particular, the petitioner claims that he could not have benefitted from the criminal activity because he did not have the money to pay his electricity bill. ECF No. 667 at 6.

At the direction of the magistrate judge, the government filed a response on the issue of whether the petitioner was entitled to equitable tolling on his most recent § 2255 motion. ECF No. 670. In the response, the government argues that the petitioner is

merely raising the same ineffective assistance argument as in his previous failed motions and his appeal, adding only that his counsel was ineffective in that the petitioner did not receive a "minor role" reduction to his sentence. ECF No. 670 at 2. The respondent notes that the petitioner draws language from Amendment 794 of the Sentencing Guidelines, but that this amendment does not establish a new right to a sentence reduction. ECF No. 670 at 2. The respondent points out that the "minor role" reduction has been in existence since long before the petitioner was sentenced, and thus this is not "new law" which would entitle the petitioner to equitable tolling. ECF No. 670 at 2.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge Michael John Aloi. The magistrate judge entered a report and recommendation. ECF No. 695. In that recommendation, the magistrate judge recommended that the petitioner's § 2255 motion be denied and dismissed for three reasons. ECF No. 695 at 11. First, the petition is untimely and the petitioner has offered no basis for equitable tolling. ECF No. 695 at 10. Second, the amendments the petitioner refers to were already in effect prior to his second and successive habeas petitions, so the petitioner cannot argue that he now relies on a "new law" in his petition. ECF No. 695 at 10. Finally, the magistrate judge found that the petitioner cannot simultaneously claim that he is both

completely innocent of the crime and that he should have received a lesser sentence for his minor role in the crime. ECF No. 695 at 10. Accordingly, the magistrate judge found that the petitioner has not shown that the Court should consider his successive § 2255 motion. ECF No. 695 at 11.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed any objections to the report and recommendation.[3]

For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted, and, accordingly, the amended petition is denied and dismissed.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is

---

[3]After the report and recommendation was entered, the Fourth Circuit denied the petitioner's motion under 28 U.S.C. § 2244 authorizing a second or successive application under 28 U.S.C. § 2255. ECF No. 696.

4

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

III. Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States v. Gypsum Co., 333 U.S. at 395. The magistrate judge correctly held the pro se petition to less stringent standards than those complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the magistrate judge correctly determined that the instant petition is an unauthorized second and successive petition. ECF No. 695 at 10. As the magistrate judge noted, the petitioner has not offered any basis for equitable tolling. ECF No. 695 at 10. Further, Amendment 794 did not establish "new law," available to the petitioner. ECF No. 695 at 10. Finally, the magistrate judge correctly found that the petitioner cannot simultaneously argue for a minor role reduction and maintain his total innocence. ECF No. 695 at 10.

Therefore, this Court finds that the findings of the magistrate judge are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 695) is AFFIRMED and ADOPTED. Accordingly, the plaintiff's petition (ECF No. 667) is hereby DENIED. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 31, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE